**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: A. H. ROBINS COMPANY,
<u>Debtor.</u>

DIANE HIGGINS,

No. 98-1076

<u>Claimant-Appellant,</u>

v.

DALKON SHIELD CLAIMANTS TRUST,
<u>Trust-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge;
Blackwell N. Shelley, Bankruptcy Judge.
(CA-85-1307-R)

Submitted: July 31, 1998

Decided: August 20, 1998

Before WIDENER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Diane Higgins, Appellant Pro Se.  Orran Lee Brown, Jr., DALKON
SHIELD CLAIMANTS TRUST, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Diane Higgins, a Dalkon Shield Claimant, appeals the district court's order denying her motion to vacate an alternative dispute resolution (ADR) decision. Because the district court did not abuse its discretion, we affirm.

Higgins was inserted with a Dalkon Shield in August 1972. Medical records reveal that she had menstrual periods beginning on November 22, 1972, and December 22, 1972. The record states that she used the Dalkon Shield until it was expelled on an unspecified date in December 1972. She became pregnant and had an abortion on February 28, 1973. One record states that her uterus at the time of the abortion was a size indicating ten weeks' gestation.

Higgins filed a Dalkon Shield Claim asserting that she suffered excessive bleeding, pregnancy with the Dalkon Shield in place, and pain. She proceeded to ADR. The Dalkon Shield Claimants Trust maintained that Higgins suffered no injury attributable to Dalkon Shield use.

The ADR referee found after a hearing that the Dalkon Shield was expelled prior to Higgins' pregnancy. Therefore, she was not entitled to compensation for the pregnancy/abortion episode. However, Higgins' testimony and medical records established a "dramatic" episode of bleeding in late November 1972, around the time that the device became dislodged and eventually was expelled. The referee awarded Higgins $4000 for severe pain and bleeding caused by the Dalkon Shield.

Higgins, who testified that she believed she became pregnant while the Dalkon Shield was in place, moved in the district court for an

2

order vacating the referee's decision. The district court denied the motion, and Higgins appealed.

The decision of an ADR referee is "binding and final," and a Dalkon Shield Claimant who proceeds to ADR generally relinquishes the right to judicial review. See In re A. H. Robins, Co. (Bledsoe v. Dalkon Shield Claimants Trust), 112 F.3d 160, 163 (4th Cir. 1997). The ADR Agreement which Higgins signed and the ADR Rules provide no mechanism for judicial review of a referee's decision. Nonetheless, the district court may grant relief from an ADR decision "`where the moving party demonstrates flagrant referee misconduct by clear and convincing evidence.'" Id. We review the district court's refusal to vacate an ADR decision for abuse of discretion. See id.

Here, there was no abuse of discretion. The district court correctly found that the referee did not commit flagrant misconduct of the sort envisioned by Bledsoe. Rather, the referee made a reasoned determination based on the evidence of record.

We accordingly affirm the denial of the motion to vacate. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3